Josefina B. Macías Vda. de Riera, demandante y apelada, *v.* Sucesores de L. Villamil, Sociedad Mercantil, demandada y apelante.

No. 5789.—*Sometido:* Noviembre 23, 1932. *Resuelto:* Junio 24, 1933.

*De la Torre & Ramírez,* abogados de la apelante; *Pellón & Ayuso,* abogados de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

José D. Riera y la mercantil demandada celebraron un contrato por virtud del cual cierto tabaco comprado por Riera en Santo Domingo y trasladado por él a Puerto Rico debería venderse por la demandada en España sobre la base de hacer los gastos de por mitad y obtener y partir las utilidades en la misma proporción.

Realizado el negocio pero pendiente aún de liquidarse, murió Riera, adjudicándose a su viuda la demandante su participación en el mismo. Pidió la demandante a la demandada que le rindiera cuentas. Lo hizo al fin la demandada y no conforme con ellas la demandante inició este pleito. Trabada la contienda se sometió su decisión a arbitraje. El dictamen rendido fué anulado, y ambas partes sometieron a la corte la siguiente estipulación:

"Que esta Hon. Corte con fecha 30 de junio de 1930, dictó resolución declarando nulo y sin ningún valor ni eficacia, el informe o dictamen rendido por los árbitros en este caso en 29 de junio de 1929 quedando las partes en libertad de someter el asunto a los

mismos árbitros, o a otros distintos para que procedan a investigar la cuestión a ellos sometida, siguiendo el debido procedimiento de ley, dando a las partes citación y audiencia para intervenir en la investigación y ajustándose los árbitros, en cuanto al cómputo de intereses se refiere, a lo dispuesto en el artículo 1557 del Código Civil y a la jurisprudencia establecida en el caso de Central Pasto Viejo v. Aponte, 34 D.P.R. 890.

"Que esta decisión fué notificada a las partes en 30 de junio de 1930, y es firme por no haberse interpuesto recurso alguno contra la misma para ante el Tribunal Supremo de Puerto Rico.

"Que no deseando las partes someter de nuevo el caso a los mismos árbitros, se han puesto de acuerdo, en cuanto al nombramiento de nuevos árbitros que resuelvan la cuestión, y así la demandante propone como árbitro suyo a Don Rafael Paonessa, sin objeción alguna de la parte demandante.

"POR TODO LO QUE, la demandante y la demandada solicitan de esta Hon. Corte se sirva impartirle su aprobación a la presente estipulación y nombrar árbitros en esta cuestión a Don Rafael Paonessa y Don José Díaz Miró, para que estudien y resuelvan el presente caso, ajustándose a la resolución de esta Hon. Corte de fecha 30 de junio de 1930, de que antes se hace referencia."

Por orden de agosto 18, 1930, la corte aprobó la estipulación. En febrero 24, 1931, rindieron su informe los árbitros. Lo impugnó la demandada en marzo 9, 1931, y en 22 de abril siguiente la corte declaró sin lugar la impugnación y aprobó el informe, registrándose sentencia de conformidad.

Es contra esa sentencia que la parte demandada interpuso el presente recurso de apelación, señalando en su alegato dos errores, uno cometido a su juicio por la corte al declarar que la demandada no tenía derecho a cobrar intereses por las sumas adelantadas por ella en la parte que debió suplir al acopio común de la sociedad el Sr. Riera, y el otro al imponerle el pago de las costas del litigio.

■ En la liquidación del negocio la demandada cargó a la demandante $4,733.59 por concepto de intereses sobre los $11,883.24 a que ascendió el cincuenta por ciento de los gastos de embarque de Puerto Rico a España que la demandada pagó y cuya cantidad debió satisfacer el Sr. Riera al

originarse dicho gasto, y abonó a la demandante la suma de $1,330.37 por concepto de intereses sobre los $3,346.84 a que ascendió el cincuenta por ciento de los gastos de embarque del tabaco de Santo Domingo a Puerto Rico que el Sr. Riera suplió de su peculio.

En el informe arbitral aprobado finalmente por la corte, se eliminó el pago de intereses, sobre la base de que no habiéndose pactado, no podían cobrarse, de acuerdo con la estipulación aprobada por la corte. La decisión de los árbitros y la sentencia dejaron así un margen de $3,403.22 a favor de la demandante y es de ello de lo que se queja la demandada.

Para sostener que se trataba de una sociedad civil de ganancias conforme al artículo 1567 del Código Civil Revisado que prescribe que ''La sociedad es un contrato por el cual dos o más personas se obligan a poner en común, dinero, bienes o industria, con ánimo de partir entre sí las ganancias.'', y que en tal virtud el aplicable no es en cuanto al pago de intereses el artículo 1657 de dicho código sino el 1584 que expresamente dispone que ''El socio que se ha obligado a aportar una suma en dinero y no la ha aportado, es de derecho deudor de los intereses desde el día en que debió aportarla, sin perjuicio de indemnizar además los daños que hubiese causado.'', invoca la demandada los hechos tales como los narra la misma demandante en su demanda, a saber:

''Que en el mes de octubre de 1916, Don José Dimas Riera y Cifuentes y la mercantil aquí demandada, Sucesores de L. Villamil y Compañía, convinieron en realizar, asociados, un negocio de compra y venta de tabaco para hacer la compra de dicha mercancía en Santo Domingo, y la venta de la misma en España, y sobre la base de hacer los gastos de por mitad cada uno de los socios, y obtener y partir las utilidades en la misma proporción.''

En su alegato la parte apelada sostiene que siendo ambas partes comerciantes y puramente mercantiles los fines para los cuales se asociaron, no puede alegarse que constituyeran

una sociedad civil, ni aún una verdadera sociedad mercantil, sino a lo sumo una sociedad accidental de cuentas en participación—artículos 239 a 243 del Código de Comercio—refiriéndose a la cual dice el Tribunal Supremo de España en sentencia de abril 8, 1897:

"Lo que caracteriza la Sociedad accidental o de cuentas en participación, y la distingue de las compañías mercantiles, propiamente tales, es que por aquélla no se crea una persona jurídica con razón social determinada, sino que cada interesado, o el gestor del negocio, según los casos, contrata y se obliga en su nombre, comprometiendo su propio crédito personal dentro de las condiciones estipuladas, y sin perjuicio de los pactos que se establezcan para la distribución de ganancias o pérdidas; y estimándolo así la Sala sentenciadora, no infringe los artículos 354 al 357 del Código de Comercio de 1829. El Código no previene solemnidad alguna para la formación de la mencionada Sociedad." 81 J. C. 673.

La cuestión que así se plantea es interesante y a nuestro juicio si bien es aparente que no se trata de una sociedad civil sino más bien de una de cuentas en participación, no está desprovista de razón la contención de la apelante en cuanto al pago de intereses. Por lo menos parece equitativa.

No podemos, sin embargo, decidirla, porque, como sostiene la parte apelada en su alegato, el hecho de que el nuevo laudo arbitral debería rendirse sobre la base de que el caso en cuanto al cómputo de intereses se regiría por el artículo 1657 del Código Civil, fué aceptado por la parte apelante. Así consta en verdad de la estipulación de ambas partes que dejamos transcrita y que fué aprobada por la corte sirviendo de base al dictamen de los árbitros y a la sentencia de la corte.

Resta sólo considerar la cuestión de las costas. Hemos examinado los autos y tratado de penetrar en la actitud de ambas partes y no estamos en condiciones de afirmar que la corte de distrito abusara de su discreción al imponer las costas a la demandada.

*Debe confirmarse la sentencia recurrida.*